United States District Court
Middle District of Florida
Tampa Division

| | |
|---|---|
| SPACEREXPRESS, LLC and SIDE FOLD MEDIA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PARS TEAM LLC, UMUT SUBASI, and AMAZON.COM, INC.,<br><br>Defendants. | **PARS TEAM LLC AND UMUT SUBASI'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>No. 8:25-cv-00510-JLB-SPF<br><br>Hon. Judge John L. Badalamenti<br><br>Hon. Magistrate Judge Sean P. Flynn |

Defendants Pars Team LLC and Umut Subasi (collectively "Seller Defendants") hereby answer the First Amended Complaint (Dkt. 10) filed by Plaintiffs SpacerExpress, LLC and Side Fold Media, Inc. (collectively "Plaintiffs") as follows:

## EXPRESS DENIAL

Except as expressly admitted herein, Defendants deny generally and specifically, every allegation set forth in the First Amended Complaint, including all allegations and requests for relief contained in the Prayer for Relief, and any of the underlying factual assumptions or assertions made in any allegation that is hereby denied.

## PARTIES

1. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

2. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

3. Admitted.

1

4. Umut Subasi is a Turkish *individual* with a principal place of business in Türkiye. Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

5. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

## JURISDICTION

6. Denied.

## VENUE

7. Denied.

## NATURE OF ACTION

8. Denied.

## ALLEGATIONS COMMON TO ALL CLAIMS

9. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

10. This paragraph contains legal conclusions for which no response is necessary. To the extent a response is necessary, Seller Defendants deny all statements, allegations, and inferences in this paragraph.

11. This paragraph contains legal conclusions for which no response is necessary. To the extent a response is necessary, Seller Defendants deny all statements, allegations, and inferences in this paragraph.

12. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

13. Denied.

14. Admitted that, on or about August 17, 2024, Pars Team LLC filed U.S. Trademark Serial No. 98703700 for the mark "SOUTH BEACH SKIN LAB" in connection with "medicated skin care preparations, namely, creams, lotions, gels, toners, cleaners, and peels." Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

15. Admitted that Umut Subasi is currently and generally aware that Pars Team LLC has a pending trademark application. Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

16. Denied.

17. Admitted that in or about 2024, Pars Team LLC began selling products which were marketing using the SOUTH BEACH SKIN LAB mark (with a space). Admitted that Pars Team LLC does not have an affiliation with Side Fold Media Inc. Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

18. Denied.

19. Denied.

20. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

21. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

22. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

23. Denied.

24. Denied.

25. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

26. Admitted that in December 2024, SpacerExpress LLC sent a letter to Pars Team LLC's trademark counsel at the time. Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

27. Admitted that the correspondence attached to the First Amended Complaint as Exhibit I purports to be a message from Isaac I at SpacerExpress LLC to an account named "Umut Subasi" sent through Amazon's platform on December 26, 2024. Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

28. Denied.

29. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

30. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

31. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

32. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

33. Denied.

## CAUSES OF ACTION

### Count I
### UMUT SUBASI's Infringement of a Federally Registered Trademark No. 7412061 for *SOUTH BEACH SKINLAB* 15 U.S.C. § 1114

34. To the extent the allegations set forth in paragraphs 1 through 33 are realleged and reincorporated here, Defendant likewise realleges and reincorporates its responses to those allegations, as if set forth fully herein.

35. Admitted that this claim purports to be against Defendant Umut Subasi alleging a violation of 15 U.S.C. § 1114(1). Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Admitted that Side Fold Media, Inc. has no control over the quality of skin care preparations sold by Umut Subasi. Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## Count II
### UMUT SUBASI's Unfair Competition Related to *SOUTH BEACH SKINLAB* Trademark
### 15 U.S.C. § 1125(a)

45. To the extent the allegations set forth in paragraphs 1 through 44 are realleged and reincorporated here, Defendant likewise realleges and reincorporates its responses to those allegations, as if set forth fully herein.

46. Admitted that this claim purports to be against Defendant Umut Subasi alleging a violation of 15 U.S.C. § 1125(a). Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## Count III
### PARS TEAM, LLC's Infringement of a Federally Registered Trademark No. 7412061 for *SOUTH BEACH SKINLAB*
### 15 U.S.C. § 1114

57. To the extent the allegations set forth in paragraphs 1 through 56 are realleged and reincorporated here, Defendant likewise realleges and reincorporates its responses to those allegations, as if set forth fully herein.

58. Admitted that this claim purports to be against Defendant Pars Team LLC alleging a violation of 15 U.S.C. § 1114(1). Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Admitted that Side Fold Media, Inc. has no control over the quality of skin care preparations sold by Pars Team LLC's. Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

**Count IV**
**PARS TEAM, LLC'S Federal Unfair Competition Related to the**
***SOUTH BEACH SKINLAB* Mark**
**15 U.S.C. § 1125(a)**

68. To the extent the allegations set forth in paragraphs 1 through 67 are realleged and reincorporated here, Defendant likewise realleges and reincorporates its responses to those allegations, as if set forth fully herein.

69. Admitted that this claim purports to be against Defendant Pars Team LLC alleging a violation of 15 U.S.C. § 1125(a). Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## Count V
## PARS TEAM, LLC Fraudulent Misrepresentation Related to Its Use of
## *SOUTH BEACH SKINLAB*

80. To the extent the allegations set forth in paragraphs 1 through 79 are realleged and reincorporated here, Defendant likewise realleges and reincorporates its responses to those allegations, as if set forth fully herein.

81. Admitted that on August 17, 2024, Pars Team, LLC filed U.S. Trademark Application Serial No. 98703700 for the mark "SOUTH BEACH SKIN LAB" seeking registration on the USPTO's Principal Register. Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

82. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

83. Admitted that U.S. trademark Application Serial No. 98703700 for the mark "SOUTH BEACH SKIN LAB" was filed and signed by Lillian H. Khosravi, Esq., the attorney of record for the application. Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

84. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

85. Admitted that a specimen was submitted with the initial application for U.S. Serial No. 98703700. Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

86. Admitted that U.S. trademark Application Serial No. 98703700 for the mark "SOUTH BEACH SKIN LAB" was filed and signed by Lillian Khosravi, the attorney of record for the application. Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

87. Denied.

88. Denied.

89. Denied.

### Count VI
### PARS TEAM, LLC'S Negligent Misrepresentation Related to Its Use of *SOUTH BEACH SKINLAB*

90. To the extent the allegations set forth in paragraphs 1 through 89 are realleged and reincorporated here, Defendant likewise realleges and reincorporates its responses to those allegations, as if set forth fully herein.

91. Admitted that on August 17, 2024, Pars Team, LLC filed U.S. Trademark Application Serial No. 98703700 for the mark "SOUTH BEACH SKIN LAB" seeking registration on the USPTO's Principal Register. Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

92. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

93. Admitted that U.S. trademark Application Serial No. 98703700 for the mark "SOUTH BEACH SKIN LAB" was filed and signed by Lillian H. Khosravi, Esq., the attorney of record for the application. Seller Defendants deny all other statements, allegations, and inferences in this paragraph.

94. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

## Count VII
## PARS TEAM, LLC's Tortious Interference with Business

100. To the extent the allegations set forth in paragraphs 1 through 99 are realleged and reincorporated here, Defendant likewise realleges and reincorporates its responses to those allegations, as if set forth fully herein.

101. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

102. Denied.

103. Denied.

## Count VIII
## Common Law Trademark Infringement of the *SOUTH BEACH SKINLAB* Mark

104. To the extent the allegations set forth in paragraphs 1 through 103 are realleged and reincorporated here, Defendant likewise realleges and reincorporates its responses to those allegations, as if set forth fully herein.

105. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

106. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

107. Denied.

108. Denied.

109. Denied.

### Count IX
### AMAZON.COM, INC.'s Contributory Infringement of a Federally Registered Trademark No. 7412061 for *SOUTH BEACH SKIN LAB*
### 15 U.S.C. § 1114

110. To the extent the allegations set forth in paragraphs 1 through 109 are realleged and reincorporated here, Defendant likewise realleges and reincorporates its responses to those allegations, as if set forth fully herein.

111. Seller Defendants lack the knowledge or information necessary to admit or deny the allegations in this paragraph and therefore deny the same.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1

Plaintiffs' claims are barred because Defendants are and were authorized distributors of goods bearing the mark "SOUTH BEACH SKIN LAB" pursuant to a valid foreign trademark registration owned by a third party. and were thus authorized to offer and sell goods bearing the mark.

### AFFIRMATIVE DEFENSE NO. 2

Plaintiffs' claims are barred because the mark "SOUTH BEACH SKIN LAB" was legitimately enrolled in Amazon Brand Registry and Amazon Transparency Program pursuant to a valid foreign trademark registration owned by a third party.

### AFFIRMATIVE DEFENSE NO. 3

Plaintiffs' claims are barred because one or both Plaintiffs lacked the requisite ownership or exclusive rights in the asserted mark at the time of the alleged infringement or alleged actions, and therefore lack standing to assert the claims made against that mark.

### AFFIRMATIVE DEFENSE NO. 4

Plaintiffs' claims for damages are barred or limited because Plaintiffs failed to take reasonable steps to mitigate their alleged harm, including an unreasonable delay in enforcement, failing to reasonably and timely notify Defendants of any alleged infringement, and continuing to distribute goods and operate under the asserted mark without making efforts to avoid or reduce the damages they now claim.

### AFFIRMATIVE DEFENSE NO. 5

Plaintiffs' claims are barred by the doctrine of unclean hands because Plaintiffs engaged in inequitable, misleading, or bad-faith conduct related to the use and enforcement of their mark,

such that they should not be permitted to obtain relief based on conduct tainted by their own wrongdoing.

### AFFIRMATIVE DEFENSE NO. 6

Plaintiffs' claims are barred by the doctrine of estoppel because Plaintiffs, through their conduct, representations, or silence, led Defendants to reasonably believe that their use of the term "SOUTH BEACH SKIN LAB" was permissible, and Defendants relied on that belief to their detriment, such that it would be unjust to now permit Plaintiffs to assert claims inconsistent with their prior conduct.

### AFFIRMATIVE DEFENSE NO. 7

Plaintiffs' claims are barred by the doctrine of acquiescence as Plaintiffs had actual or constructive knowledge of Defendants' alleged use of the term "SOUTH BEACH SKIN LAB" in commerce for an extended period, failed to timely object or take meaningful enforcement action, and through their silence, delay, or inconsistent conduct conveyed implied consent on which Defendants reasonably relied, such that allowing Plaintiffs to now assert their claims would be inequitable and prejudicial.

### AFFIRMATIVE DEFENSE NO. 8

Plaintiffs' claims are barred by the doctrine of waiver because Plaintiffs, through intentional and voluntary conduct—namely their repeated failure to enforce or assert rights against Defendants' use of "South Beach Skin Lab" despite full knowledge thereof—relinquished any right to complain of that use.

### AFFIRMATIVE DEFENSE NO. 9

Plaintiffs' claims are barred because any alleged actions were carried out by third parties without Seller Defendants' knowledge, authorization, control or direction.

## AFFIRMATIVE DEFENSE NO. 10

Plaintiffs' claims are barred by the doctrine of unjust enrichment because permitting Plaintiffs to recover would permit them to obtain a windfall for benefits conferred by Defendants without providing corresponding consideration, resulting in inequitable enrichment at Defendants' expense.

## **PRAYER FOR RELIEF**

WHEREFORE Defendants Pars Team LLC and Umut Subasi respectfully request:

1. That each of Plaintiff's claims be denied with prejudice against all Defendants;

2. That Plaintiff recover nothing from any Defendant;

3. That Plaintiff receive no equitable relief from Defendants;

4. An award to Defendants of their costs and reasonable attorney fees; and

5. Such other and further relief as the Court may deem appropriate.


Dated: July 30, 2025

/s/ *William B. Chadwick*
William B. Chadwick
(*pro hac vice forthcoming*)
Loza & Loza, LLP
305 N. Second Avenue, #127
Upland, California 91786
Phone: (385) 401-0465
william.chadwick@lozaip.com

*Counsel for Defendants*
*Pars Team LLC and Umut Subasi*